IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WELLS FARGO BANK, N.A.,

      Plaintiff,                              Case No. 8:19-cv-1877-T-02AAS

v.

GREGORY R. WILSON, *et al.*,

      Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiff Wells Fargo Bank, N.A.'s Motion to Remand and for Attorney's Fees and Costs. (Dkt. 5). Defendant Gregory R. Wilson has filed an objection opposing the motion. (Dkt. 9). Because the Court lacks subject matter jurisdiction over Wells Fargo's state law mortgage foreclosure action, the motion to remand is due to be granted.

Removal of an action to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction. . . . Any doubts

about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (citations omitted). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As courts of limited jurisdiction, federal court removal is appropriate for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Alternatively, removal may be based upon diversity jurisdiction, where the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332. Federal courts are obligated to inquire as to the propriety of their jurisdiction at the earliest point in the proceeding. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). "A federal district court must remand to the state court any case that was removed improvidently or without the necessary jurisdiction." *Estate of Ayres ex rel. Strugnell v. Beaver*, 48 F. Supp. 2d 1335, 1339 (M.D. Fla. May 19, 1999).

Wells Fargo initiated this action by filing a single-count complaint for mortgage foreclosure against multiple Defendants on June 26, 2019. (Dkt. 1-1). Defendant Gregory R. Wilson was served with a copy of the Complaint on July 2, 2019. (Dkt. 1 ¶ 2). Mr. Wilson filed a Notice of Removal on August 1, 2019. (Dkt. 1). In his Notice of Removal, Mr. Wilson alleges the loan at issue is an FHA (Federal

Housing Administration) loan as indicated by the Note attached to the Complaint. *Id.* ¶ 3. Additionally, he attached a letter addressed to him from Wells Fargo identifying it as the servicer on the loan and Governmental National Mortgage Association ("Ginnie Mae")[1] as the investor. (Dkt. 1-6 at 49).[2] Mr. Wilson argues that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the case involves "issues arising under the laws of the United States and Ginnie Mae is a government corporation." (Dkt. 1 ¶ 7).[3]

Wells Fargo moves to remand because no federal question appears on the face of its Complaint. (Dkt. 5 at 3). Wells Fargo argues that the very small print at the right-hand footer of the Note indicating it is an FHA form is insufficient to convert its state law cause of action to a federal claim. *Id.* at 3–4. The Court agrees.

"Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, 'which provides that federal jurisdiction exists only when a federal question is presented on the face of

---

[1] "Ginnie Mae guarantees investors (security holders) the timely payment of principal and interest on securities issued by private lenders that are backed by pools of Federal Housing Administration (FHA), Veterans Affairs (VA), Rural Housing Service (RHS), and Public and Indian Housing (PIH) mortgage loans. The full faith and credit guarantee of the U.S. Government that Ginnie Mae places on mortgage-backed securities lowers the cost of, and maintains the supply of, mortgage financing for government-backed loans." *Government National Mortgage Association (Ginnie Mae)*, HUD.GOV, https://www.hud.gov/hudprograms/Ginnie_Mae_I (last visited September 25, 2019).
[2] This letter was not an exhibit or part of Wells Fargo's Complaint.
[3] Mr. Wilson does not raise diversity of citizenship as a viable basis for removal. Review of the documents attached to the Notice of Removal supports that he is a citizen of Florida, and thus, he would be precluded from removing on the basis of diversity in any event. *See* 28 U.S.C. § 1441(b)(2).

the plaintiff's properly pleaded complaint.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Under the well-pleaded complaint rule, "merely having a federal defense to a state law claim is insufficient to support removal[.]" *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)).

In this case, Wells Fargo Bank's Complaint contains a single mortgage foreclosure claim, arising under state law. (Dkt. 1-1). The face of the Complaint does not raise a federal question or seek any form of relief under federal law. Federal jurisdiction "must be based on a federal statute or law governing the Plaintiff's claims for relief. No federal statute grants federal jurisdiction over state foreclosure claims." *U.S. Bank Nat'l Assoc. v. Story*, 2009 WL 485165, at *2 (M.D. Fla. Feb. 25, 2009). As Wells Fargo Bank's Complaint is based solely on state foreclosure law, it raises no federal questions and removal pursuant to § 1331 is generally improper.

"But even where a claim finds its origins in state rather than federal law . . . [the Supreme Court has] identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). When only state-law claims are asserted in a complaint, a claim arises under federal law if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial,

4

and (4) capable of resolution in the federal court without disrupting the federal-state balance approved by Congress." *Id.* All four of these criteria must be satisfied to find jurisdiction is proper. *Id.*

Reviewing Wells Fargo's Complaint, no federal issue has been raised. Merely arguing that the Complaint is based on an FHA loan is not enough to raise a federal issue. "[M]ortgage foreclosure has traditionally been a matter for state courts and state law, and there are state law remedies available to protect mortgagors from unconscionable mortgages." *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 361 (5th Cir. 1977) (footnote omitted).[4] There is no "necessary federal question" that hasn't been pled. Wells Fargo's Complaint raises a single claim for mortgage foreclosure under state law. Therefore, jurisdiction is lacking and remand to state court is warranted.[5]

In its motion, Wells Fargo requests an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which provides in part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This Court may award attorneys'

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[5] The motion to remand also argued that Mr. Wilson did not obtain his Co-Defendants' consent for the removal. (Dkt. 5 at 4). Thereafter, Mr. Wilson filed consents from four of the other Defendants along with his objection to the motion to remand. *See* Dkts. 9-1, 9-2, 9-3, 9-4. Because the Court concludes that federal jurisdiction is lacking and remand is warranted, the Court need not reach the issue of consents.

fees under the attorney fee provision of the removal statute "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

The Eleventh Circuit has recognized that the reasonableness standard enunciated by the Supreme Court was meant to balance "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin*, 546 U.S. at 140). Therefore, "there is no indication that a trial court should ordinarily grant an award of attorneys' fees whenever an effort to remove fails." *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1319 (S.D. Fla. July 21, 2004) (citing *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993)).

Although, there is no "bright line rule" as to the definition of "objectively reasonable," courts that have applied the *Martin* standard typically focus upon whether the removing party has offered a credible reason for removal, even if it later becomes clear that the removing party was incorrect on the facts or the law. Here,

Mr. Wilson has offered an arguable, albeit incorrect, basis for removal. Accordingly, the Court will deny the request for attorneys' fees and costs.

For the reasons stated, it is hereby **ORDERED** that Wells Fargo Bank, N.A.'s Motion to Remand and for Attorney's Fees and Costs (Dkt. 5) is **GRANTED in part** and **DENIED in part** as follows:

1. Wells Fargo's Motion to Remand is **GRANTED**;

2. Wells Fargo's Motion for Attorney's Fees and Costs is **DENIED**.

3. The Clerk is directed to effect **REMAND** of this case to the Circuit Court of the Tenth Judicial Circuit in and for Polk County and thereafter close the case.

DONE and ORDERED this 25th day of September 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
All counsel of record and unrepresented parties